# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MICHAEL ANTHONY GILMORE,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:05cv355-WS/WCS**

**BARRY GROVES, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed an amended complaint, doc. 5, in response to the prior court order, doc. 3. That order provided Plaintiff with information concerning the deficiencies with the initial complaint, doc. 1, and directed Plaintiff to provide a specific statement of facts which should not present conclusory allegations. Doc. 3. Additionally, Plaintiff was ordered to name as Defendants "only those persons who are responsible for the alleged constitutional violations" and he was to "clearly describe how each named Defendant [was] involved in each alleged constitutional violation." *Id.*

Plaintiff's amended complaint does not correct those deficiencies. Plaintiff continues to present conclusory allegations that prison officials will retaliate against an

inmate who exercises the grievance process.  Doc. 5.  Plaintiff does not, however, provide facts to support that assertion, nor does he connect either of the named Defendants with that statement.

Plaintiff also complains that he was given conditional release from the Department of Corrections, but that the process requires an "FPC examiner" reviews a printout from the Department to determine an inmate's eligibility for conditional release and reviews the inmate's institutional file and sentence structure.  Doc. 5.  After interviewing the inmate, the FPC (presumably this stands for the Florida Parole Commission) "sets the terms and condition of supervision."  *Id.*  Plaintiff contends that there is "no agency or oversight committee for this process and it is capricious and arbitrary."  *Id.*  Plaintiff has not provided facts to show *how* or *why* this process is arbitrary, and more importantly, there is no connection to the two named DOC officials who are Defendants in this case.

Moreover, Plaintiff's central complaint appears to be that after being released and establishing a residence in South Carolina, Plaintiff was required to "register as a sex offender in the State of South Carolina."  Doc. 5.  Plaintiff complains that he was "convicted of Interference of Custody out of Bradford [C]ounty, Florida in 1998" and this is not "classified as a sex offense, or similar to a sex offense."  *Id.*  Plaintiff asserts that his probation officer, Ginger Newton (who is not a named Defendant) told Plaintiff that prison officials from the Department of Corrections' Central Office advised her that Plaintiff would be violated and returned to prison if he did not register.  *Id.*  Plaintiff ultimately registered in South Carolina as a sex offender on June 3, 2003.  *Id.*

Plaintiff contends that South Carolina law 23-3-430-450 is "unconstitutional as applied to an out of state offender." *Id.*  He further claims that the State violated state law "in waiting 17 years to tell Plaintiff he had to register." *Id.*

Despite the prior order's instruction to explain the crime for which Plaintiff was incarcerated, and his "previous convictions as well," doc. 3, p. 2, he has not done so.  It is judicially noted that he was convicted in 1989 of sexual battery, the crime having occurred on December 4, 1988, in Marion County, Florida.[1]  It is presumably this conviction that Plaintiff references in arguing the State waited "17 years to tell" Plaintiff to register as a sex offender.  Plaintiff's argument that he should not have been required to register as a sexual offender is frivolous.

Finally, this Court is not the proper venue for a challenge to a South Carolina law, and Florida prison officials are not the proper Defendants for such a claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 5, be **DISMISSED** as both frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 16, 2005.


                         s/    William C. Sherrill, Jr.
                         **WILLIAM C. SHERRILL, JR.**
                         **UNITED STATES MAGISTRATE JUDGE**

---

[1] Information obtained from the Florida Department of Corrections website: www.dc.state.fl.us.

Case No. 4:05cv355-WS/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**